ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 15, 2007

The Honorable M. Rex Emerson                    Opinion No. GA-0564
Kerr County Attorney
County Courthouse, Suite BA-103                 Re: Whether 18 U.S.C. § 926C preempts portions
700 Main Street                                 of Texas Occupations Code section 1701.357
Kerrville, Texas 78028                          (RQ-0572-GA)

Dear Mr. Emerson:

You state that the Kerr County Sheriff, while developing written procedures for issuing or denying certificates of weapons proficiency to honorably retired peace officers under section 1701.357(c) of the Texas Occupations Code, discovered provisions in a federal law, 18 U.S.C. § 926C, that he believes conflict with the state law.[1] *Compare* 18 U.S.C. § 926C (Supp. IV 2004) ("Carrying of concealed firearms by qualified retired law enforcement officers"), *with* TEX. OCC. CODE ANN. § 1701.357(c) (Vernon Supp. 2006) ("Weapons Proficiency for Certain Retired Peace Officers and Federal Criminal Investigators"). You therefore ask whether 18 U.S.C. § 926C, which authorizes certain retired peace officers to carry concealed handguns, preempts portions of section 1701.357 of the Texas Occupations Code. *See* 18 U.S.C. § 926C(a) (Supp. IV 2004); TEX. OCC. CODE ANN. § 1701.357(b)–(c) (Vernon Supp. 2006); Request Letter, *supra* note 1, at 1–2; Brief attached to Request Letter, *supra* note 1, at 1–4. You ask in particular whether an honorably retired peace officer who has a nonforfeitable right to retirement benefits—and who may therefore be qualified to carry a concealed firearm under 18 U.S.C. § 926C(c)(4)—but who is not yet receiving the benefits may obtain a certificate of proficiency under section 1701.357(c) of the Texas Occupations Code, which appears to be limited to retired officers who are receiving benefits. *See* Brief attached to Request Letter, *supra* note 1, at 2. And you ask whether a retired peace officer who carries a concealed firearm under 18 U.S.C. § 926C(a) must obtain a certificate of proficiency under section 1701.357(c) every year, as federal law requires, or every two years, as you suggest state law requires. *See id.*

---

[1]*See* Letter from Honorable M. Rex Emerson, Kerr County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 15, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

## I.    Relevant Law

### A.    State law

Section 1701.357 permits an "honorably retired peace officer" to obtain, in certain circumstances, a certificate of weapons proficiency from the local agency from which the officer retired:

>    (b)   The head of a state or local law enforcement agency may allow an honorably retired peace officer an opportunity to demonstrate weapons proficiency if the retired officer provides to the agency a sworn affidavit stating that:
>
>        (1)   the officer honorably retired after not less than a total of 15 years of service as a commissioned officer with one or more state or local law enforcement agencies;
>
>        (2)   the officer's license as a commissioned officer was not revoked or suspended for any period during the officer's term of service as a commissioned officer; and
>
>        (3)   the officer has no psychological or physical disability that would interfere with the officer's proper handling of a handgun.
>
>    (c)   The agency shall establish written procedures for the issuance or denial of a certificate of proficiency under this section. The agency shall issue the certificate to a retired officer who satisfactorily demonstrates weapons proficiency under Subsection (b), provides proof that the officer *is receiving retirement benefits* on the basis of service with a state or local law enforcement agency, and satisfies the written procedures established by the agency. The agency shall maintain records of any retired officer who holds a certificate issued under this section.
>
>    (d)   *A certificate issued under this section expires on the second anniversary of the date the certificate was issued.* A retired officer to whom this section applies may request an annual evaluation of weapons proficiency and issuance of a certificate of proficiency as needed to comply with applicable federal or other laws.
>
>        . . . .
>
>    (i)   On request of a retired officer who holds a certificate of proficiency under this section, the head of a state or local law

> enforcement agency may issue to the retired officer identification that indicates that the officer retired from the agency. An identification under this subsection must include a photograph of the retired officer.

TEX. OCC. CODE ANN. § 1701.357 (Vernon Supp. 2006) (emphasis added); *see also id.* § 1701.355(a) (Vernon 2004) (requiring a local law enforcement agency to designate a firearms proficiency officer if the agency employs more than one peace officer); 37 TEX. ADMIN. CODE §§ 217.21(c), 221.31(c) (2007) (Tex. Comm'n on Law Enforcement Officer Standards & Educ., Firearms Proficiency Requirements; Retired Peace Officer Firearms Proficiency).

Texas law also provides another means by which a retired peace officer may obtain a certificate of proficiency. Under Texas Government Code chapter 411, subchapter H, a certificate of proficiency is necessary to apply to the Department of Public Safety (the "DPS") for a license to carry a concealed handgun.[2] *See* TEX. GOV'T CODE ANN. § 411.171(3), (5) (Vernon Supp. 2006) (defining "concealed handgun" and "handgun"). Section 411.199 authorizes the DPS to issue a concealed-handgun license to an "honorably retired and physically and emotionally fit" peace officer so long as the peace officer demonstrates the appropriate proficiency:

> (c) The [DPS] may issue a license under this subchapter to an applicant [who is] honorably retired and physically and emotionally fit to possess a handgun. In this subsection, "honorably retired" means the applicant:
>
> . . . .
>
> (3) is entitled to receive a pension or annuity for service as a law enforcement officer or is not entitled to receive a pension or annuity only because the law enforcement agency that employed the applicant does not offer a pension or annuity to its employees.
>
> . . . .
>
> (e) A retired peace officer who obtains a license under this subchapter must maintain, for the category of weapon licensed, the proficiency required for a peace officer under [Occupations Code section 1701.355].[3] The [DPS] or a local law enforcement agency

---

[2]A certificate of proficiency is also necessary to except an honorably retired peace officer from provisions in the Texas Penal Code that criminalize the carrying of a firearm, particularly in certain locations. *See* TEX. PENAL CODE ANN. § 46.02(a) (Vernon 2003), §§ 46.03(a), .15(a)(5) (Vernon Supp. 2006); *see also id.* § 46.01(3), (5) (Vernon 2003) (defining the terms "firearm" and "handgun").

[3]The statute actually requires a retired peace officer to maintain "the proficiency required for a peace officer under Section 415.035." TEX. GOV'T CODE ANN. § 411.199(e) (Vernon 2005). Government Code section 415.035 was

(continued...)

> shall allow a retired peace officer of the [DPS] or agency an opportunity to annually demonstrate the required proficiency. The proficiency shall be reported to the [DPS] on application and renewal.

*Id.* § 411.199(c), (e) (Vernon 2005) (footnote added); *see also* TEX. OCC. CODE ANN. § 1701.355(c) (Vernon 2004) (requiring the Texas Commission on Law Enforcement Officer Standards and Education to "define weapons proficiency for purposes of this section"); 37 TEX. ADMIN. CODE § 221.3 (2007) (Tex. Comm'n on Law Enforcement Officer Standards & Educ., Peace Officer Proficiency) (setting out proficiency requirements for peace officers). Though section 411.199(c) pertains primarily to licenses, not certificates of proficiency, subsection (e) indicates that an applicant must demonstrate proficiency as required by Occupations Code section 1701.355. *See* TEX. GOV'T CODE ANN. § 411.199(e) (Vernon 2005).

### B.    Federal law

Having set out the relevant state law, we turn to the federal statute you raise, 18 U.S.C. § 926C. *See* Request Letter, *supra* note 1, at 1. Section 926C authorizes a "qualified retired law enforcement officer" to carry a concealed firearm in certain circumstances:

> (a)   Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b) [stating that section 926C does not affect private entities', local governments', or states' authority to restrict the possession of concealed firearms on their own property].
>
> . . . .
>
> (c)   As used in this section, the term "qualified retired law enforcement officer" means an individual who–
>
> . . . .
>
> (4)   has a *nonforfeitable right to benefits* under the retirement plan of the agency . . . .
>
> (d)     The identification required by this subsection is–

---

[3](...continued) repealed in 1999 and recodified as Occupations Code section 1701.355. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, §§ 1, 6(b)(1), 7, 1999 Tex. Gen. Laws 1431, 2223, 2440.

(1) a photographic identification issued by the agency from which the individual retired from service as a law enforcement officer that indicates that the individual has, not less recently than one year before the date the individual is carrying the concealed firearm, been tested or otherwise found by the agency to meet the standards established by the agency for training and qualification for active law enforcement officers to carry a firearm of the same type as the concealed firearm; or

(2)(A)  a photographic identification issued by the agency from which the individual retired from service as a law enforcement officer; and

(B)   a certification issued by the State in which the individual resides that indicates that the individual has, *not less recently than one year* before the date the individual is carrying the concealed firearm, been tested or otherwise found by the State to meet the standards established by the State for training and qualification for active law enforcement officers to carry a firearm of the same type as the concealed firearm.

. . . .

18 U.S.C. § 926C(a), (c)–(d) (Supp. IV 2004) (emphasis added).

## II.    Analysis

You suggest that 18 U.S.C. § 926C preempts section 1701.357 of the Texas Occupations Code in relevant part. *See* Request Letter, *supra* note 1, at 1. "Federal preemption of state law is grounded in the Supremacy Clause of the United States Constitution," which declares the laws of the United States to be "the supreme Law of the Land." U.S. CONST. art. VI, cl. 2; *Delta Air Lines, Inc. v. Black*, 116 S.W.3d 745, 748 (Tex. 2003). Federal law thus preempts conflicting state law, and preempted state law has no effect. *See Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 426 (Tex. 2005) (per curiam) (citing *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981); *Am. Cyanamid Co. v. Geye*, 79 S.W.3d 21, 23 (Tex. 2002)).

The federal law at issue here expressly preempts state law to the extent the state law conflicts with the federal law.[4]  *See* 18 U.S.C. § 926C(a) (Supp. IV 2004) ("Notwithstanding any other

---

[4]Federal law may preempt state law in one of three ways: (1) Congress may preempt "all state law in a particular field" explicitly; (2) Congress may preempt state law implicitly "when the scheme of federal regulation is sufficiently comprehensive to reasonably infer that Congress has 'left no room' for supplementary state regulation"; or (3) "even where Congress has not displaced state regulation in a particular field, federal law will nullify state law to the extent they
(continued...)

provision of the law of any State . . . ."). Such a conflict arises when an individual physically cannot comply with both the federal and state statutes or when the state law "stands as an obstacle" to accomplishing and executing Congress's full purposes and objectives. *Cf. Turoff*, 222 S.W.3d at 668–69 (explaining conflict preemption) (quoting *Wis. Pub. Intervenor v. Mortier*, 501 U.S. 597, 605 (1991)).

The federal statute, 18 U.S.C. § 926C, does not preempt Texas Occupations Code section 1701.357. The federal law authorizes a qualified retired law enforcement officer to carry a concealed firearm if the retired officer carries one of two forms of identification indicating that the officer has, within one year before the date of carrying the concealed firearm, passed a test or been found to meet certain standards "for training and qualification for active law enforcement officers to carry a firearm of the same type as the concealed firearm." 18 U.S.C. § 926C(d) (Supp. IV 2004). Thus, the retired officer may carry (1) a photographic identification indicating that agency from which the officer retired found the officer to meet agency-established standards, or (2) a photographic identification issued by the agency from which the officer retired as well as a State-issued certification indicating that the State has found the officer to meet State-established standards. *Id.*; *see also* H.R. REP. NO. 108-560, at 12 (2004), *as reprinted in* 2004 U.S.C.C.A.N. 805, 809 (declaring 18 U.S.C. § 926C's intent). Section 1701.357 of the Texas Occupations Code, by contrast, does not by itself authorize a retired law enforcement officer to carry a concealed handgun; it pertains only to a method by which certain retired officers may obtain the necessary certification and photo identification. *See* TEX. OCC. CODE ANN. § 1701.357 (Vernon Supp. 2006).

As you suggest, Texas Occupations Code section 1701.357 does not provide a means by which a retired officer who has a "nonforfeitable right to benefits" but who is not yet receiving benefits may obtain a certificate of proficiency, and you perceive this as an obstacle to exercising the authority to carry a firearm granted under federal law. *See* 18 U.S.C. § 926C (Supp. IV 2004); TEX. OCC. CODE ANN. § 1701.357(c) (Vernon Supp. 2006); Request Letter, *supra* note 1, at 1. A retired officer who is entitled to but not yet receiving benefits may, however, become certified to carry a concealed weapon under section 411.199 of the Texas Government Code, which applies to all retired officers who are "entitled to receive a pension or annuity for service as" an officer, if the retired officer demonstrates proficiency under section 1701.355 of the Texas Occupations Code. TEX. GOV'T CODE ANN. § 411.199(c)(3), (e) (Vernon 2005); TEX. OCC. CODE ANN. § 1701.355(c) (Vernon 2004); 37 TEX. ADMIN. CODE § 221.3 (2007) (Tex. Comm'n on Law Enforcement Officer Standards & Educ., Peace Officer Proficiency) (setting out proficiency requirements for peace officers); *see also supra* note 3 (explaining that section 1701.355 of the Texas Occupations Code was recodified from section 415.035 of the Texas Government Code). In this way, all officers who are qualified under federal law to carry a concealed handgun may obtain the prerequisite

---

[4](...continued)
actually conflict." *Turoff v. McCaslin*, 222 S.W.3d 664, 668 (Tex. App.—Waco 2007, no pet.); *In re Global Santa Fe Corp.*, No. 14-06-00625-CV, 2006 WL 3716495, at *3 (Tex. App.—Houston [14th Dist.] Dec. 19, 2006, pet. filed); *accord Mills*, 157 S.W.3d at 426–27.

certification.[5]  *See* 18 U.S.C. § 926C(d)(2)(B) (Supp. IV 2004).  Looking at the Texas statutory scheme as a whole, therefore, section 1701.357 of the Occupations Code and section 411.199 of the Government Code provide means by which all honorably retired officers who are entitled to or receiving a pension or annuity from their employing agencies may obtain the certificate of weapons proficiency required by 18 U.S.C. § 926C.

You also suggest that section 1701.357(c) of the Texas Occupations Code, which indicates that a certificate issued under section 1701.357 is effective for two years, conflicts with the requirement in 18 U.S.C. § 926C that a qualified retired law enforcement officer obtain certification annually.  *See* Request Letter, *supra* note 1, at 2.  But section 1701.357(d) expressly permits a retired officer to "request an annual evaluation of weapons proficiency and issuance of a certificate of proficiency."  TEX. OCC. CODE ANN. § 1701.357(d) (Vernon Supp. 2006).  Thus, section 1701.357(d) does not preclude a retired officer who may obtain certification under that section from certifying annually, consistently with the requirements of 18 U.S.C. § 926C.  Moreover, to directly answer your question, because the federal law requires annual certification, a retired peace officer who wishes to carry a concealed firearm in Texas must be certified annually.  *See* 18 U.S.C. § 926C(d)(1), (2)(B) (Supp. IV 2004).

---

[5]The Texas Legislature adopted a bill that amends section 1701.357(c) by replacing the requirement that the officer be receiving retirement benefits with a requirement that the officer be "entitled to receive a pension or annuity for service with a state or local law enforcement agency or is not entitled to receive a pension or annuity only because the [employing] law enforcement agency . . . does not offer a pension or annuity."  Act of May 24, 2007, 80th Leg., R.S., H.B. 638, § 2 (to be codified at TEX. OCC. CODE ANN. § 1701.357(c)).  In our opinion, an officer who is "entitled to receive a pension or annuity" under the amendment to section 1701.357(c) has a nonforfeitable right to benefits for purposes of 18 U.S.C. § 926C(c)(4).  *See* 18 U.S.C. § 926C(c)(4) (Supp. IV 2004).  The amended section 1701.357(c) consequently will permit a retired law enforcement officer who is entitled to receive a pension or annuity to obtain a proficiency certificate under section 1701.357, whether or not the officer is already receiving benefits.  *See* Act of May 24, 2007, 80th Leg., R.S., H.B. 638, § 2 (to be codified at TEX. OCC. CODE ANN. § 1701.357(c)).  Nevertheless, the amendments to section 1701.357(c) apply only to applications for weapons proficiency filed on or after September 1, 2007.  *See id.* § 4(b).  An application filed before that date is subject to the current, unamended statute.  *See id.*  The conclusions reached in this opinion thus apply only to applications filed before September 1, 2007.

## S U M M A R Y

A federal statute, 18 U.S.C. § 926C, which authorizes a qualified retired law enforcement officer to carry a concealed firearm if the officer also carries proof that he or she has demonstrated weapons proficiency under state law, does not preempt Texas Occupations Code section 1701.357, which provides a means by which some honorably retired peace officers may obtain the proof required by federal law. Those retired peace officers who cannot obtain certification under section 1701.357 may do so under section 411.199 of the Texas Government Code and section 1701.355 of the Texas Occupations Code.

An honorably retired peace officer who is certified as proficient under Texas Occupations Code section 1701.357 must recertify on an annual basis.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee